In re FORTH.

(District Court, E. D. New York. February 19, 1907.)

BANKRUPTCY—DISCHARGE—FINDINGS OF REFEREE.

The finding of a referee confirmed that objections to the discharge of a bankrupt on the grounds of a failure to keep proper books of account and transfers of property with intent to defraud creditors were not sustained by the evidence where, while there was room for criticism of the testimony of the bankrupt and his witnesses, nothing was shown indicating that the things not satisfactorily explained would have increased the estate or were fraudulent.

In Bankruptcy. On application for discharge.

Bennett, Underhill & Brooks, for bankrupt.
Hastings & Gleason, for creditors.

CHATFIELD, District Judge. The attorneys for the petitioning creditors in this proceeding objected to the granting of the discharge and have filed certain specifications, which have been referred to the referee in bankruptcy. He has made a report to the effect "that the specifications have not been sustained, and that the discharge of the bankrupt should be granted." A motion now comes on for the confirmation of that report and the formal discharge.

The bankrupt shows a plain desire to be discharged of his debts, and an indifference to the claims of his creditors prior to the filing of his petition. He also shows a willingness to carry on substantially the same sort of business which he claims was unprofitable, and is now proceeding as a clerk, acting for a corporation, and transacting the business of that corporation in much the same manner as he conducted his own establishment before the bankruptcy. The objections to the discharge were, substantially, that the bankrupt had not consistently written up such books as he did keep until the time of filing his petition, that certain articles of office furniture were claimed by his wife, as was also a house which had been purchased several years before the bankruptcy, and that neither he nor his wife and the other witnesses entirely corroborated each other as to many of the details of their business relations. But there is nothing to show that the continuance of the books by the bankrupt would have disclosed any sub-

stantial assets or the whereabouts of the various small amounts at which the suspicions of the petitioning creditors have been directed. Nor do the discrepancies in the testimony show directly that any of the property held by the wife or the business corporation for which the bankrupt now works was transferred to them in fraud of creditors. These contradictions are evidence to be used in determining the credibility of the witnesses. The questions raised by these discrepancies were all questions of fact. The referee was appointed as special master to pass on the facts, and has decided in favor of the bankrupt, after seeing and hearing the witnesses testify, and it does not seem to the court that his determination upon these questions can be disregarded, as there is apparently sufficient testimony to support his determination.

The application overruling the objections and confirming the referee's report and granting the discharge in bankruptcy will be granted.