LOUIS GOLDFARB and LOUIS H. SJEREFF, Copartners Doing Business as NATIONAL FACTORS, Plaintiffs, *v.* W. T. GRANT COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, First District
December 11, 1936.

*Louis H. Shereff,* for the plaintiffs.

*Adolph & Henry Bloch,* for the defendant.

LEWIS (DAVID C.), J. Morris Schwartz is a bankrupt. David Hirsch is the trustee for the bankrupt.

The defendant owed Schwartz a balance of $790.67 for goods sold and delivered prior to the bankruptcy.

The plaintiffs were factors for Schwartz and prior to the bankruptcy received an assignment of the account from Schwartz.

They sue the defendant for the said balance.

The defendant seeks to step out and make the trustee step in, and, therefore, move in this court to direct the trustee to come in and plead. What warranty has this court to compel a trustee in bankruptcy to contest a transfer made by the bankrupt? It might well be that the trustee does not deem such action warranted.

When the trustee, of his own initiative, seeks to protect the bankrupt estate, the door of this tribunal is open. (*Cohen* v. *Small*, 120 App. Div. 211; *Hood Rubber Co.* v. *Banque*, 219 id. 464; *Merritt* v. *Halliday*, 107 id. 596.)

In the case at bar the trustee has taken no action and makes no application. He defaulted upon this motion.

On the other hand, the plaintiffs insist that there is neither legal nor equitable objection or defense to their cause of action; hence the trustee will not combat. Any complaint with reference to the attitude of the trustee must be lodged with the Federal court; it cannot be entertained by this tribunal; the jurisdiction is indivisible as well as exclusive. The court which appointed the trustee could compel him to take action, if in its judgment it deemed such a course proper. (*Matter of Forth*, 151 Fed. 951. See *Trimble* v. *Woodhead*, 102 U. S. 647. See, also, *Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281.)

To order the trustee interpleaded is tantamount to ordering the trustee to act. In this instance we lack the authority to command, and we have received no consent to act. (*Isaacs* v. *Hobbs T. & T. Co.*, 282 U. S. 734.)

For the reasons stated, the defendant's motion to interplead the trustee is denied.

The defendant is granted five days after the service of a copy of this order with notice of entry to answer.