GEORGE W. CROOKS, as Trustee in Bankruptcy of the Estates of HOWARD E. KING and of the Firm of H. E. KING & SON, Bankrupts, Appellant, *v.* THE PEOPLE'S NATIONAL BANK OF MALONE, Respondent.

*Bankruptcy — sufficiency of a complaint alleging a transfer by the bankrupt in violation of the Bankruptcy Act — the giving of security to induce one to indorse a note which is then given to secure an existing obligation of the bankrupt to a third person violates the act.*

In an action brought by a trustee in bankruptcy to avoid certain transfers made by the bankrupt in alleged violation of sections 60a and 60b of the Bankruptcy Act, providing that a transfer made by a bankrupt within four months before the filing of his petition in bankruptcy, the effect of which is to "enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class," shall be voidable by the trustee if the per-

son benefited by the transfer "had reasonable cause to believe that it was intended thereby to give him a preference," it is sufficient for the plaintiff to allege, in the language of the statute, that the transfers sought to be set aside had the prohibited effect, and that the defendant had reasonable cause to know that they were designed to give him a preference, and it is not necessary to set out in detail the matters tending to prove these allegations.

Such allegations are allegations of resultant facts, and are admitted by a demurrer to the complaint.

Where a transfer of securities is made by an insolvent firm to secure one who, upon the faith thereof, becomes an indorser of the firm's note, which the firm thereupon, within four months of the filing of its petition in bankruptcy, delivers to one of its creditors for the purpose of securing an existing indebtedness, the transaction falls within the prohibition of the Bankruptcy Act.

APPEAL by the plaintiff, George W. Crooks, as trustee in bankruptcy of the estates of Howard E. King and of the firm of H. E. King & Son, bankrupts, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Franklin on the 12th day of September, 1899, upon the decision of the court, rendered after a trial at the St. Lawrence Special Term, sustaining the defendant's demurrer to the amended complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

The complaint sets forth that on the 17th day of February, 1899, Howard E. King and William H. King, composing the copartnership of H. E. King & Son, filed their petition, both as individuals and as members of said copartnership, in bankruptcy, and that such proceedings were thereupon had that the plaintiff was duly appointed trustee in bankruptcy of the estates of said bankrupts, and of each of them; that he has given his bond, duly qualified and entered upon the discharge of his duties as such trustee.

That the said Kings had been insolvent for six months before the filing of such petition.

That the defendant is a National banking association, duly organized and incorporated under the laws of the United States, and doing business and located in the village of Malone, in the county of Franklin, in this State.

That on the 14th day of February, 1899, the firm of H. E. King & Son was, and had been for a long time prior thereto, indebted to the defendant in the sum of $12,064.35 upon some notes or acceptances of one L. R. Searles, which had been indorsed by said firm to

said defendant, and upon which the said firm had received the money therefor; that part of said notes and acceptances were past due, and part had not yet become due.

That at that time Howard E. King was the owner individually of fifty shares of the capital stock of the defendant, and of forty shares of the capital stock of the Malone Water Company, and that such stock was reasonably worth and of the value of $10,050; that L. R. Searles, the maker and acceptor of the notes and acceptances held by the defendant, was at that time, and for a long period prior thereto had been, and he is, wholly insolvent and unable to pay the same, or either of them, and the collection thereof could not and cannot be enforced against him.

That on the said 14th day of February, 1899, the said Howard E. King, while so insolvent as aforesaid, assigned and delivered to one Frederick G. Paddock all the said bank and water stock, to induce him to indorse and to secure him for indorsing a promissory note made by said Searles for the sum of $12,064.35, and said Paddock did thereupon indorse the said note, and delivered the same to the said Howard E. King, who thereupon and thereby became the owner and holder thereof, and the said Howard E. King thereafter and upon the same day indorsed with the firm name of H. E. King & Son, and delivered the said note to the defendant for the purpose of securing the said indebtedness of the firm of H. E. King & Son to said defendant, and that the value of said promissory note, so indorsed by said Paddock and the said firm of H. E. King & Son, and delivered to the defendant by the said Howard E. King, was and is $12,064.35.

That the defendant, through and by its officers, had full knowledge of the making and indorsing of said promissory note so indorsed by said Paddock as aforesaid, and also of the delivery of said bank and water stock to said Paddock as security for the indorsement of the same at the time said note was made, indorsed, and said stock delivered, as hereinbefore stated; that the effect of the enforcement of said transfer of the said stock by said Howard E. King to said Paddock, the indorsement by the said Paddock of the said Searles note, and the delivery thereof to the defendant, was to enable the defendant to obtain a greater percentage of its said debt than any

other of such creditors of the same class, and also to obtain a preference over the individual creditors of the said Howard E. King out of and from his individual property and estate.

That at the time of said transactions the defendant had reasonable cause to believe that the procurement and delivery to it of the said promissory note on the part of the bankrupts was to give the defendant preference, and that such transfer is void under the Bankrupt Act.

For a second cause of action the complaint alleges that on " the 4th day of February, 1899, King & Son were indebted to the defendant in the sum of $2,625.13 for an overdraft, and $283.63 for accrued interest upon a promissory note theretofore given by the firm. H. E. King was then the owner of a real estate mortgage for $4,000 and interest of the value of $4,500, and on that day H. E. King assigned the mortgage to his son, John H. King, and son-in-law, H. D. Thompson, to secure a note of John H. King, endorsed by Thompson, for $3,100, which note was delivered to H. E. King, who delivered the note to the defendant to secure the overdraft and accrued interest. The defendant had full knowledge of the making and endorsing of the promissory note by John H. King and H. D. Thompson and the assignment of the mortgage by H. E. King as security. The effect of the enforcement of the transfer of the mortgage, execution of the note and delivery to the defendant was to enable the defendant to secure a greater percentage than other creditors of the same class and to obtain a preference over the individual creditors of H. E. King."

" Such promissory note is reasonably worth the sum of $3,100. At the time of the transaction the defendant had reasonable cause to believe the transaction and the delivery of the note were for the purpose by the bankrupts to give defendant a preference, and such transfer and delivery of the note is void under the Bankrupt Act."

The plaintiff further alleges that before the commencement of this action he demanded from the defendant the surrender of the said promissory notes, which was refused; he then demanded that the defendant pay to him as such trustee the value of the said bank and water stock so transferred by the said Howard E. King to said Frederick G. Paddock, and also the value of the said real estate mortgage assigned by said Howard E. King to said John H. King

and H. D. Thompson, but that the defendant has neglected and refused to either deliver the said promissory notes to him as such trustee or to pay to him the value thereof, or of said bank and water stock, or of the said mortgage, and he demands judgment that the transfer of said notes be declared void and set aside, and that the defendant deliver to the plaintiff, as such trustee, the aforesaid promissory notes, or pay to him the value thereof to the extent of the value of said bank and water stock, and said mortgage to the extent that the same is now held by them under said assignment.

*John P. Badger*, for the appellant.

*Martin E. McClary* and *John P. Kellas*, for the respondent.

Herrick, J.:

The Bankruptcy Act provides as follows:

Section 60a. "A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

Section 60b. "If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

Under this statute the question of fraud does not enter. It is the result or effect of the act done which is declared against, not the manner or method by which it is done. No matter how circuitous the method may be, if the effect of a transfer of property made within four months before the filing of a petition in bankruptcy, is to enable any of the bankrupt's creditors to obtain a greater percentage of his debt than others of the same class, then such transfer is voidable, if the person receiving it or to be benefited thereby, had

reasonable cause to believe that it was intended thereby to give a preference.

From the allegation in the complaint it appears that the defendant had advanced money to the firm of H. E. King & Son upon notes and acceptances made by an insolvent and from whom it could collect nothing; that the indorsers upon said note, the firm of H. E. King & Son, were also bankrupts and insolvent both as a firm and individually; that, by the appropriation and transfer of a large amount of the property of one of those insolvents, made three days before they filed their petition in bankruptcy, the money so advanced by the defendant upon the notes or acceptances of such insolvent persons, has been paid or secured to be paid.

And it is alleged that the effect of such transfer will be to enable the defendant to obtain a greater percentage of its debt than other creditors of the same class, and to obtain a preference over the individual creditors of H. E. King, out of his individual property. This allegation follows, as nearly as may be, the language of the statute, and must be considered, I think, an allegation of a fact and not of a conclusion, and the truth of it is admitted by the demurrer.

It was not necessary to set out in the complaint the value of the bankrupts' property and the extent of their indebtedness; those things are matters of evidence which would tend to prove the fact alleged in the complaint, that the effect of the transfer of property, as alleged, would be to enable the defendant to obtain a greater percentage of its debt than the other creditors.

The pleader need only to allege facts; he is not obliged to demonstrate them, nor allege the evidence of them.

Here the narration of the transaction, together with the financial condition of the person involved, is sufficient, it seems to me, to show that the defendant will receive a greater percentage of its debt than other creditors.

By the demurrer the defendant admits that the Kings were, as alleged in the complaint, insolvent. An insolvent is one who has not sufficient property, at a fair valuation, to pay his debts. And when such a person sets apart over $12,000 of his property, which is already insufficient to pay his debts, to pay or secure the payment of a debt of like amount, it should need no argument to show that the creditor holding such debt will receive a greater percentage of

his debt than will the other creditors from the insolvent estate thus depleted. The complaint alleges that the defendant had knowledge of the transfer of the property to the indorsers and of the purpose of such transfers, and that it had reasonable cause to believe that it was intended thereby to give it a preference. In this the complaint follows the language of the statute, and is sufficient. It is not necessary to allege why it had reasonable cause to so believe, nor the evidence thereof.

This allegation, like the allegation that the effect of such transfer will be to enable the defendant to obtain a greater percentage of its debt than other creditors of the same class, etc., heretofore considered, is an allegation of a resultant fact, and it is such facts and not evidentiary facts which should be alleged in a pleading. (*Rochester Railway Co.* v. *Robinson,* 133 N. Y. 242, 246.)

By the demurrer the truth of such allegation is admitted.

What I have said so far relates to the transfer of the property of H. E. King, the effect of which was to secure the debt for which he was jointly responsible as a member of the firm of H. E. King & Son ; there is another aspect, however, in which the case may be considered. The note of Searles was worthless; when it was indorsed by Paddock after he had been secured by the transfer of property, it was made a thing of value, and when the firm of H. E. King & Son became possessed thereof, it was an asset in their hands of the value of $12,064.35 ; it was property of that value, and when they transferred it to the defendant, it was a transfer of so much property, and its transfer depleted the assets of the firm of H. E. King & Son to that extent, and had the effect of enabling the defendant to obtain a greater percentage of its debt than any other creditor of such firm, and as the property was transferred by the bankrupts within four months before the filing of their petition in bankruptcy, the effect of such transfer was to enable the creditor to whom it was transferred to obtain a greater percentage of his debt than other creditors, and such creditor having as alleged reasonable cause to believe that it was intended thereby to give it a precedence, such transfer is voidable at the election of the trustee, and he is entitled to recover the same from the defendant.

What I have said as to the Searles note applies likewise to the note referred to in the second cause of action alleged in the complaint.

It seems to me that it must be perfectly apparent that to sustain the contention of the respondent is to set a precedent by which the provisions of the Bankrupt Act as to undue preference can be readily defeated. The ease and simplicity with which an insolvent could transfer his property for the benefit of a favored creditor would invite evasion of the law, and utterly defeat its intent.

It follows that the interlocutory judgment sustaining the demurrer should be reversed, with costs.

All concurred.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to the defendant to plead over upon payment of such costs within twenty days.