(107 App. Div. 596.)

### MERRITT v. HALLIDAY.

(Supreme Court, Appellate Division, Second Department. October 6, 1905.)

BANKRUPTCY—AVOIDANCE OF PREFERENCE—NATURE OF ACTION—JURISDICTION OF COURTS.

> Under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3446] as amended by Act Cong. Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 416], declaring a preference given by a bankrupt and knowingly received by a creditor voidable by the trustee, and empowering the trustee to recover the property or its value through any court of bankruptcy or in any state court which would have had jurisdiction had bankruptcy not intervened, an action by a trustee to avoid a preference is a simple action at law, and may accordingly be brought in a state court which has no equitable jurisdiction.

Appeal from City Court of Yonkers.

Action by Oliver H. P. Merritt, as trustee in bankruptcy of Andrew Kaeyer and another, against Alexander B. Halliday. From an interlocutory judgment overruling a demurrer to the complaint, based on the ground that the trial court had no jurisdiction of the subject of the action, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

Alexander B. Halliday, in pro. per.

John H. Ferguson, for respondent.

WOODWARD, J. This action was brought by the trustee in bankruptcy of Andrew Kaeyer and Ludwig Skoglund to recover $299.68 and interest, which sum the plaintiff claims to be entitled to under the provisions of section 60b of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3446]), as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 416]. The section as it now stands provides as follows:

"If a bankrupt shall have given a preference, and the person receiving it, or to be benefitted thereby, or his agent therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be void-

able by the trustee, and he may recover the property or its value from such person, and, for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

There is no question that the City Court of Yonkers has jurisdiction in an action to recover a sum of money only in the amount here involved, and the question raised by the demurrer, that the court has no jurisdiction of the subject of the action, goes to the form of the action, rather than to the substance. The City Court of Yonkers has no equitable jurisdiction, and, if the action now under consideration is one of equitable cognizance only, the demurrer should be sustained. If, however, the action is one fairly within the scope of an action at law, there would appear to be no good reason for sustaining the demurrer, as it cannot be presumed that the final result would be materially different whether tried as an action at law or one in equity.

The bankruptcy law contemplates that for a period of four months preceding bankruptcy it shall not be within the power of the bankrupt to give a preference to one creditor over another, and to accomplish this purpose it provides that, upon a person being adjudicated a bankrupt, the law relates back to a period four months before such adjudication, and practically vests the bankrupt's property in the trustee as of that date, to the extent, at least, of giving such trustee power to determine whether the property has been properly disposed of in view of the pending bankruptcy; that is, while at common law the debtor would have a perfect right to pay any creditor to the exclusion of another or of all others, in the absence of fraud, under the bankrupt law he is limited in this right for a period of four months prior to the date of adjudication. During that period the property is constructively in the hands of the trustee for equitable distribution among the creditors, and the bankrupt accepts the benefits of the act subject to that limitation upon his rights, and the creditor transacts his business subject to this risk. Section 60b of the bankruptcy law provides what courts shall have jurisdiction in an action to recover the property, which, of course, includes money; and if we consider the intent and purpose of the bankruptcy law, and view the money and property of the bankrupt as constructively in the hands of the trustee at the time it is improperly paid over to the creditor, there would seem to be no good reason why the trustee might not bring a simple action at law to recover the amount so improperly paid over. There is, in this case, no public record to be reformed, no deed or conveyance to be set aside. All that is desired is the recovery of a sum of money which constructively belongs to the trustee of the bankrupt. It is in form and substance an action at law, and, while it may be plausibly argued that it is in the nature of an action to set aside a constructive fraud, no considerations of justice or equity require a refinement of reasoning in this case, and we are of opinion that we should regard the decision in Stern v. Mayer, 99 App. Div. 427, 91 N. Y. Supp. 292, as controlling here.

The interlocutory judgment appealed from should be affirmed, with costs. All concur; BARTLETT, J., in result.