(120 App. Div. 211.)

COHEN v. SMALL.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

BANKRUPTCY—ACTIONS BY TRUSTEE TO RECOVER PREFERENCE—JURISDICTION —MUNICIPAL COURT.

An action by a trustee in bankruptcy, where the complaint asks a money judgment only, to recover an amount alleged to have been paid as a preference, in violation of Bankr. Law, § 60, subd. "b" (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), is not a suit in equity, of which the Municipal Court has no jurisdiction, but is an action at law to recover on an implied contract, within Municipal Court Act, § 1, Laws 1902, p. 1483, c. 580, giving such court jurisdiction of an action to recover on or for breach of contract, express or implied, other than a promise to marry, where the sum claimed does not exceed $500.

Appeal from Municipal Court, New York County.

Action by Quintus Cohen, as trustee of the estate of John T. Lee, against Charles T. Small. From a judgment of the Appellate Term (104 N. Y. Supp. 412) affirming a judgment of the Municipal Court for defendant, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Michael Kirtland, for appellant.
Henry Bennett Leary, for respondent.

CLARKE, J. Appeal from a determination of the Appellate Term affirming a judgment of the Municipal Court sustaining a demurrer to the complaint. The plaintiff, as trustee in bankruptcy of the estate of John T. Lee, brought an action in the Municipal Court of the city of New York against the defendant, wherein he alleged that within four months prior to the filing of the petition in bankruptcy the Consolidated Stock & Petroleum Exchange, purporting to act under its rules and regulations in such case made and provided, collected, had, and received for and on behalf of said Lee, who was a member of said Exchange, from divers persons then indebted to said Lee, certain sums of money, aggregating the sum of $13,267, and in and on behalf of said Lee paid, transferred, and delivered therefrom to the defendant, who was also a member of said Exchange, certain moneys, aggregating the sum of $188.52, on account of his claim against said Lee, being about 29 per centum of said claim; that the defendant, by said payments, transfers, and delivery made for and on behalf of said Lee, was enabled to and did obtain as a creditor of the said Lee a greater percentage of his debt from said Lee than other creditors, not members of said Exchange, of the same class, wherefore the plaintiff demanded

judgment against the defendant for the sum of $188.52. The demurrer was interposed, upon the ground that, upon the face of the complaint, the court had no jurisdiction of the subject of the action; and, second, that the complaint did not state facts sufficient to constitute a cause of action.

Two questions are here presented:

First. Whether an action by a trustee in bankruptcy, where the complaint asks a money judgment only to cover an amount alleged to have been paid, in violation of subdivision "b" of section 60 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), as a preferential payment, is an action at law or an action in equity. Of course, if it is an action in equity, the demurrer was properly sustained, because the Municipal Court has no equitable jurisdiction. Although the opinions in Houghton v. Stiner, 92 App. Div. 171, 87 N. Y. Supp. 10, and in Dyer v. Kratzenstein, 103 App. Div. 404, 92 N. Y. Supp. 1012, which followed it, seem, upon casual examination, to go to the extent of declaring that an action by a trustee in bankruptcy to recover a preferential payment is an equitable action, yet the underlying ground of that decision was that as the transfer of the bankrupt's property was voidable at the election of the trustee, and not void ab initio, it became necessary to first set aside either a conveyance, where real estate was involved, or a written instrument transferring title, where personal property was sought to be reached. That this is the correct interpretation of the effect of the decisions in those cases appears by the decision in Stern v. Mayer, 99 App. Div. 427, 91 N. Y. Supp. 292, where, in an action by a trustee in bankruptcy to recover a sum of money as the value of a quantity of merchandise delivered by the bankrupt to the defendant as security for an alleged indebtedness as an illegal preference, the question presented was whether the action was one at law, triable at Trial Term, or in equity, triable at Special Term, this court decided that it was properly triable at the Trial Term, and reversed an order granting leave to strike it from the Trial Term calendar and to renotice the case for the Special Term.

In Merritt v. Halliday, 107 App. Div. 596, 95 N. Y. Supp. 331, upon an appeal from the City Court of Yonkers, in an action brought by a trustee in bankruptcy to recover a sum of money as an illegal preference, the Appellate Division of the Second Department, after stating that the City Court of Yonkers had only a limited equitable jurisdiction, and, if the action was one of equitable cognizance, the demurrer should be sustained, said:

"If we consider the intent and purpose of the bankruptcy law, and view the money and property of the bankrupt as constructively in the hands of the trustee at the time it is improperly paid over to the creditor, there would seem to be no good reason why the trustee might not bring a simple action at law to recover the amount so paid over. There is in this case no public record to be reformed, no deed or conveyance to be set aside. All that is desired is the recovery of a sum of money which constructively belongs to the trustee of the bankrupt. It is in form and substance an action at law."

And it affirmed the judgment overruling the demurrer to the complaint.

Whatever doubt may have existed has now, however, been set at rest by the decision of the Court of Appeals in Coudert v. Jarvis, 188 N. Y. ——, 81 N. E. ——. An examination of the record in that case shows that it was an action to recover a payment to a creditor by which the creditor received a preference made within four months of the bankruptcy. This court affirmed an order denying a motion to transfer the action from the Trial Term to the Special Term calendar and certified this question, "Whether on the facts shown on this record herein the cause of action is one maintainable in equity or at law," which question the Court of Appeals answered "At law," and affirmed the order.

The respondent attempts to avoid the effect of these decisions in two ways: First, by asserting that, in the cases cited, the money or the property was paid or transferred directly by the bankrupt to the defendant, while it is averred in the complaint in the case at bar that the Exchange collected the debts due to the bankrupt and paid the amount sued for to the defendant. There is no such distinction. It cannot make any difference in the determination of whether the action is in equity or at law what method was adopted by the debtor in making the payment. The complaint alleges that the Exchange received for and on behalf of said Lee certain sums of money, and for and on behalf of said Lee paid to the defendant the amount sued for. This is an allegation of agency, and, upon the facts presented, the result is the same as if the debtor had delivered the money to his bookkeeper or a clerk or a third person to pay the creditor. "It is the result or effect of the act done which is declared against, not the manner or method by which it is done. No matter how circuitous the method may be, if the effect of a transfer of property made within four months before the filing of a petition in bankruptcy is to enable any of the bankrupt's creditors to obtain a greater percentage of his debt than others, then such transfer is voidable, if the person receiving it or to be benefited thereby had reasonable cause to believe that it was intended thereby to give a preference." Crooks v. Peoples' National Bank, 46 App. Div. 335, 61 N. Y. Supp. 604, cited with approval; Mathews v. Hardt, 79 App. Div. 581, 80 N. Y. Supp. 462. The second ground urged to sustain the equitable nature of this action is that there is a necessity for declaring void or setting aside the constitution, by-laws, rules, and regulations of the Exchange. There is no such necessity. The complaint simply sets forth the agency of the Exchange in collecting the money due Lee, and paying a portion of it to the defendant, purporting to act under its rules and regulations. The agency is the same, and the effect thereof is the same, whether it purported to act under rules and regulations or not. If there be any rules and regulations of the Exchange which interfere with the operation of the bankruptcy law, and make members of the Exchange preferred creditors of the bankrupt members thereof, those rules and regulations do not need to be set aside, for they are absolutely void as in contravention of the bankruptcy statutes of the United States.

Second. It is claimed that the demurrer was properly sustained because the Municipal Court had no jurisdiction of the action, as it

was not upon a contract, express or implied. What is the nature of the action at law given to the trustee in bankruptcy by the provisions of subdivision "b" of section 60 of the bankruptcy act to recover a sum of money from a creditor of the bankrupt as an illegal preference? It is clear that it is not an action to recover a penalty. If it was, under subdivision 7, § 1, of the Municipal Court act (Laws 1902, p. 1488, c. 580), as the amount was less than $500, the Municipal Court would have jurisdiction.

The Appellate Division in the Second Department said, in Merritt v. Halliday, supra:

"If we consider the intent and purpose of the bankruptcy law, and view the money and property of the bankrupt as constructively in the hands of the trustee at the time it is improperly paid over to the creditor, there would seem to be no good reason why the trustee might not bring a simple action at law to recover the amount so paid over."

It seems to me that it is an action to enforce a contract imposed by law upon the creditor who accepts payment from an insolvent debtor. The bankruptcy law enters into the contract between a debtor and a creditor, and gives a right to the trustee in bankruptcy to recover from the creditor any payment made in violation of the bankruptcy law. It is not for a penalty, nor upon a tort. A contract is implied, based upon the provisions of the law under which the trustee in bankruptcy proceeds. It is a cause of action given by the statute to the trustee, which statute renders invalid the preference and the payment by the insolvent debtor to the creditor. It comes within the class of implied contracts, wherein an obligation to repay is imposed by law, irrespective of the purpose of the parties. Analogous to the obligation imposed by statute upon stockholders to answer for the debts of the corporation to the amount of stock held by them, of which obligation the United States Supreme Court, in Whitman v. Oxford National Bank, 176 U. S. 559, 20 Sup. Ct. 477, 44 L. Ed. 587, said:

"The liability, which by the Constitution and statutes is thus declared to rest upon the stockholder, though statutory in its origin, is contractual in its nature. * * * In other words, they entered into a contract authorized by statute; * * * and, as this liability is one which is contractual in its nature, it is also clear that an action therefor can be maintained in any court of competent jurisdiction."

And as the Court of Appeals said in Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725:

"While the liability is, for convenience, frequently called statutory, because the statute, which is the constitution of the bank, has fixed the obligation to the ownership of stock, it is in fact contractual and springs from an implied promise. * * * The implied promise runs to the creditors, and may, according to the common law of the state where it was made, be enforced for the benefit of the creditors by the receiver of the corporation appointed to wind up its affairs."

In Dechen v. Dechen, 59 App. Div. 166, 68 N. Y. Supp. 1043, the Appellate Division in the Second Department held that the Municipal Court had jurisdiction in a case for money had and received under subdivision 1 of section 1364 of the charter (Laws 1901, p.

579, c. 466), giving that court jurisdiction to entertain an action to recover damages upon or for breach of contract, express or implied, other than a promise to marry.

This court said, in Pache v. Oppenheim, 93 App. Div. 221, 87 N. Y. Supp. 704, Mr. Justice Patterson writing:

"Whether an obligation arising from a quasi contract is one imposed by statute or arising from some general principle of law is immaterial. Assuming that the whole relation is one quasi contractual, and that no contract, as matter of fact, exists at all, yet, for the purpose of a remedy, the quasi contract is considered as if it were an actual contract and, when an action within the limitation of $500 is brought in a Municipal Court on such an obligation, it is an action for damages upon contract and the jurisdiction attaches."

It follows, therefore, from decisions which we regard as controlling, that this is an action at law brought to recover a judgment for a sum of money only upon an implied contract within the meaning of the New York Municipal Court act (section 1, c. 580, Laws 1902).

The determination of the Appellate Term and the judgment of the Municipal Court should, therefore, be reversed, and the demurrer to the complaint overruled, with costs in this court and the court below to the appellant, with leave to the respondent, upon payment thereof, to withdraw the demurrer and answer over within eight days. All concur.