## WARMATH v. O'DANIEL et al.

(Circuit Court of Appeals, Sixth Circuit. February 20, 1908.)

No. 1,733.

1. BANKRUPTCY—PREFERENCES—RECOVERY—EQUITY JURISDICTION.

Under Rev. St. § 723 [U. S. Comp. St. 1901, p. 583], declaring that suits in equity shall not be sustained in the courts of the United States where a plain, adequate, and complete remedy may be had at law, a plenary suit by the trustees of a bankrupt to recover a money judgment for the value of certain household furniture alleged to have been fraudulently transferred by the bankrupt to defendant in order to create a preference was not maintainable in equity over defendant's objection taken in limine, though arising in the bankruptcy proceeding, no equitable relief being required, plaintiff's remedy at law being entirely adequate.

2. EQUITY—EQUITY JURISDICTION—WAIVER.

Rev. St. § 723 [U. S. Comp. St. 1901, p. 583], declaring that suits in equity shall not be sustained in the courts of the United States where there is an adequate remedy at law, secures as one of its objects a privilege personal to the defendant, which he may waive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 173–176.]

Appeal from the District Court of the United States for the Western District of Tennessee.

The trustees in bankruptcy of Powell filed a bill in equity in the District Court, where the proceedings were pending, for the purpose of recovering the sum of $1,061.87, that being the value of certain household furniture and fittings which were sold and transferred by the bankrupt within four months preceding the filing of the petition to the appellant, Warmath, for the purpose of paying a debt which the bankrupt owed him. The bill alleged that at the time of the transfer Powell knew he was insolvent and unable to pay his creditors in full, and made the sale, transfer, and payment with the intent to prefer Warmath and to defraud his other creditors; and further alleged that Warmath had reasonable cause to believe and know that Powell was insolvent, and that the transfer, etc., was made with the intention of giving him an unlawful preference over other creditors. The prayer was that the court adjudge that Warmath had obtained an unlawful preference through the said sale and transfer, and that he became liable to the complainants for the value of the property, stated to be the sum of $1,061.87, and that they be allowed a recovery therefor. The defendant appeared and demurred to the bill, and assigned grounds therefor, the first of which was that: "The bill on its face shows no grounds for equitable relief and the equity side of this court has no jurisdiction of the matters complained of in the bill, and if complainants have any rights of action in this court it is purely of a legal cognizance." The other grounds of demurrer need not, for the present purpose, to be stated. The court overruled the demurrer, and gave leave to answer. The defendant thereupon filed an answer denying the material allegations of the bill. Proofs were taken, and upon the pleadings and proofs the court made a finding and directed as follows: "In this cause I am of the opinion that the allegations of the plaintiffs' petition are fully sustained by the proof, and the relief prayed for therein should be granted. I, therefore, direct that a decree be entered, holding that at the time of the sale of the furniture by the bankrupt to Warmath that the bankrupt was insolvent, and that both he and the defendant, Warmath, knew the fact, and that the sale was made for the purpose of giving Warmath a preference as a creditor. A decree will be entered against Warmath for the amount sued for, together with interest thereon from the day of the sale, and against the defendant for the cost." Thereupon a decree was entered, stating the facts found and ordering and adjudging as follows: "It is therefore ordered and adjudged and decreed that the plaintiffs, Henry O'Daniel and J. A. Alford,

as trustees in bankruptcy of the said A. L. Powell, bankrupt, have and recover of and from the said defendant, Jno. G. Warmath, the sum of $1,061.-87, with $95.56 interest thereon, in all $1,157.43, and all costs; for which let execution issue." The trial was had before the judge. The evidence was given by the oral examination of witnesses and by depositions. Objections were made and were allowed or overruled. A bill of exceptions was tendered by the defendant and allowed and signed by the District Judge. An appeal to this court was then taken by the defendant.

T. E. Harwood, for appellant.
W. R. Landrum, for appellees.

Before SEVERENS and RICHARDS, Circuit Judges, and COCHRAN, District Judge.

SEVERENS, Circuit Judge (after stating the facts as above). This is a plenary suit of a kind of which the District Court has jurisdiction under the amendment of the Bankrupt Act of July 1, 1898, c. 541, §§ 60a, 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], enacted Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1907, p. 1031].

The question on this appeal which arises on the first two of the assignments of error is whether the court below was right in overruling the appellant's contention on his demurrer that the suit was not properly brought in equity for the reason that there was a plain, adequate, and complete remedy by an action at law. The objection was taken at the threshold, and the question is not embarrassed by the laches of the defendant in raising it.

We think the court should have sustained the demurrer. The judgment sought was for a definite sum of money, precisely that which the court by its decree awarded to the complainants. And the whole sum was recoverable, if any of it was; for the assets of the estate would not come near the amount of the debts. There was no contingency in the liability, or apportionment of the burden among several defendants to be made by the judgment. The response of the court to the demand of the complainants was simply an allowance or refusal of it. Nor was there any embarrassment in the procedure. The evidence produced would be, and was in this case, as completely available in an action at law as in a court of equity. No injunction was sought or required. The issue was one which a jury could readily understand and decide under proper instructions from the court in respect to the law. It is suggested that the court must first set aside the transfer before it could proceed to judgment, and that it is the peculiar province of a court of equity to set aside unlawful transfers. This is an ingenious, but unsubstantial figment. No distinct or formal preliminary action was required or contemplated by the statute. If the defendant had obtained part of the estate which should have come to all the creditors, proof of that fact would entitle the trustees to recover it. Perhaps there may be cases where a declaration of the court may be necessary to completely fulfill all requirements, as where the transfer has been accomplished by a deed or other solemn instrument which may be made matter of record, or is a muniment of title the existence of which would indicate ownership and the right to sell and convey or mortgage, or

do such other things with it as belong to ownership. But in the present case nothing is stated in the bill which makes such a proceeding necessary, nor indeed is anything more required than in any ordinary action at law where the plaintiff is always bound to establish the facts which create the liability, whereupon, and without more, the court gives judgment for the sum he is entitled to recover. And that was what occurred in the present instance. There was no preliminary declaration that this transfer be set aside. The suggestion made would be the adoption of a devise for evading the statute forbidding a resort to a court of equity.

The right of a defendant to have his liability determined in an action at law is a substantial one, the value of which is recognized and protected by the statute (section 723, Rev. St. [U. S. Comp. St. 1901, p. 583]), which declares that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law." The defendant is thereby given an opportunity to have his controversy tried by a jury, a privilege of sufficient importance to be secured by the Constitution and guarded by this positive statute.

In a recent case in this court we were required to deal with this subject, and to ascertain the meaning and effect of this statutory injunction to the courts of the United States to observe the rule therein given. It was not indeed a new rule; but the Congress thought fit in organizing the federal judiciary to make it a positive command, lest it should sometimes be too lightly disregarded. In the case referred to (Miller v. Steele, 153 Fed. 714, 82 C. C. A. 572), the plaintiff brought suit to recover in an action at law upon a statute of New York, which declared that the heirs and legatees of deceased persons should be severally liable, to the extent that they had secured assets, to pay the debts of creditors who had failed to prove their claims during the course of administration. The defendant objected that the case was not cognizable at law, but was one exclusively of equity jurisdiction; and contended that the assets of the deceased were, in the hands of the legatee, of the nature of a trust fund which might under some circumstances be required to pay debts; that the administration and enforcement of trusts was peculiarly a subject of equity jurisprudence, and that therefore the court had no jurisdiction at law to entertain the suit. But it was held that such a circumstance as the existence of a trust was not controlling; that the leading and dominant proposition is that when the capacity of a court of law is sufficient to give a suitable remedy, that is the proper forum in which to try the cause and obtain the proper relief, and said:

"The remedy may be inadequate because the procedure at law is too inflexible to suit the exigencies of the case, or because the relief which a common-law judgment can afford is not adaptable to the particular facts. When neither of these difficulties are in the way, there can be no reason for resorting to a court of equity"—citing Boyce's Ex'rs v. Grundy, 9 Pet. 275, 9 L. Ed. 127; Hipp v. Babin, 19 How. 271, 15 L. Ed. 633; Parker v. Winnipiseogee, etc., Co., 2 Black. 515, 17 L. Ed. 333; Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Lewis v. Cocks, 23 Wall. 466, 23 L. Ed. 70; Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451; Drexel v. Berney, 122 U. S. 241, 7 Sup. Ct. 1200, 30 L. Ed. 1219.

And it was pointed out that even in cases of trust, when the conditions had been reduced to the simple fact that a certain sum of money was due from the trustee on account of his trust, a court of law was the proper forum, and a bill in equity would not lie; and several works of high authority were cited. The rule extends over all classes of cases where the condition stated in the statute exists. Another pertinent case cited in that opinion is Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476. That was a case in which a receiver under the direction of the Controller of the Currency brought suit to enforce the extraordinary liability of stockholders of a national bank to satisfy the claims of creditors. Speaking of the remedy Mr. Justice Swayne said:

"The liability of the stockholders is several, and not joint. The limit of their liability is the par of the stock held by each one. When the whole amount is sought to be recovered the proceeding must be at law. When less is required the proceeding may be in equity"—

and goes on to explain the reason and the procedure in the latter case. And in Hayward v. Andrews, 106 U. S. 672, 1 Sup. Ct. 544, 27 L. Ed. 271, it was held that although a court of equity has jurisdiction to entertain a cause of action in favor of an assignee against the debtor, yet that it should not be exercised when the plaintiff had a suitable remedy in an action at law, but only when he was embarrassed in pursuing such a remedy, as for instance, by collusive action between the debtor and the assignor, or the refusal of the assignor of the use of his name.

It is also urged that courts of equity have jurisdiction in cases of fraud; which is true enough, but the doctrine has its limitation in that the fraud is not remediable by an action at law. A man may acquire another's property by fraudulent misrepresentations; but if the latter may obtain complete relief in an action at law, as by a judgment for damages or for the recovery of the property by an action of replevin, he cannot resort to a suit in equity. In the case of United States v. Bitter Root Development Co., 133 Fed. 274, 66 C. C. A. 652, the plaintiff sought by a bill in equity to recover damages for repeated trespasses upon its property and the carrying away of timber, and the plaintiff invoked several doctrines of equity which had a specious application to the case. But in the well-considered opinions by Judge Gilbert in the Circuit Court of Appeals and by Mr. Justice Peckham in the Supreme Court, on appeal, 200 U. S. 451, 26 Sup. Ct. 318, 50 L. Ed. 550, it was shown that, notwithstanding all this, the substantial fact remained that a common-law judgment for the value of the property and the damage done was a suitable remedy, and there was no reason why a jury could not ascertain and determine the amount which the plaintiff was entitled to recover.

We see nothing in the fact that this is a controversy arising in the course of bankruptcy proceedings which should take it out of the general rule. It is a suit, and must be such, and not a summary proceeding in bankruptcy. Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620. And the language of the statute is that "suits in equity shall not be sustained in either of the courts of the United States," etc. As said by Mr. Justice Brown in Wehrman v. Conklin, 155 U. S. 314, at page 323, 15 Sup. Ct. 129, at page 132 (39 L. Ed. 167):

"These provisions are obligatory at all times and under all circumstances, and are applicable to every form of action."

In holding that a court of law was the proper jurisdiction in which to obtain the remedy in this case to the exclusion of a court of equity, we do not mean to affirm that the latter court would have no lawful authority to entertain the suit and render a decree, but only that it ought not to do so. For, as we conceive, the rule was devised, and the statute was enacted, mainly to secure a privilege to the defendant; and this he might waive. In that case the court would proceed if there is a color of equitable jurisdiction in the case.

The decree must be reversed, with costs, and the cause remanded with instructions to dismiss the bill, but without prejudice to an action at law for appropriate relief.