FIRST STATE BANK OF MILLIKEN v. SPENCER.

(Circuit Court of Appeals, Eighth Circuit. January 4, 1915.)

No. 4112.

1. BANKRUPTCY ⬅209—PREFERENCES—RECOVERY—NATURE OF REMEDY.

Where, in a suit by a bankrupt's trustee to recover an alleged preference, the only relief demanded was the recovery of money claimed to have been paid to defendant by the bankrupt under circumstances alleged to constitute a voidable preference, there was a plain, adequate, and complete remedy at law; and hence a bill in equity was not maintainable under Judicial Code, § 267 (Act March 3, 1911, c. 231, 36 Stat. 1163 [Comp. St. 1913, § 1244]), providing that suits in equity shall not be sustained in courts of the United States in any case where a plain, adequate, and complete remedy may be had at law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 318; Dec. Dig. ⬅209.]

2. EQUITY ⬅352—BILL—INTERROGATORIES—PERSONS SUBJECT.

A mere witness not a party to a suit cannot be compelled to answer interrogatories attached to the bill.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 736; Dec. Dig. ⬅352.]

3. DISCOVERY ⬅19—BILL—EQUITIES.

Where a bill has no equity, it cannot be maintained as a bill for discovery, especially as against persons not parties to the action.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 20-26; Dec. Dig. ⬅19.]

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

---

Suit by Fermor J. Spencer, as trustee in bankruptcy of the estate of Mrs. H. Townsend & Co., against the First State Bank of Milliken, a corporation, to recover an alleged preference. Decree for complainant, and defendant appeals. Reversed and remanded, with instructions.

G. Dexter Blount, of Denver, Colo. (J. Howard Dana, of Denver, Colo., and Harry E. Churchill, of Greeley, Colo., on the brief), for appellant.

William R. Kelly, of Greeley, Colo. (Leo. G. Mann, of Greeley, Colo., on the brief), for appellee.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOUMANS, District Judges.

CARLAND, Circuit Judge. Appellee, as trustee in bankruptcy of the estate of Mrs. H. Townsend & Co., brought this action against the appellant to recover the sum of $1,100 in money, claimed to have been paid to it by the bankrupt under such circumstances as to constitute a voidable preference. On final hearing the trial court found that the payment of $1,067 on May 17, 1911, to appellant out of assets which belonged to the estate of the bankrupt, was an unlawful preference and rendered judgment for said sum and interest, amounting in all to $1,200.75, against appellant. The case had not a single element of equitable jurisdiction, unless all actions to recover a voidable preference are necessarily equitable actions. The suit was commenced by the filing of a bill and the issuance of a subpoena. Appellant was the only defendant. Nevertheless, there were attached to the bill 13 interrogatories to be answered by R. M. Benton and Lossie R. Wheaton, the cashier and assistant cashier respectively of appellant, and Mrs. Anna A. Townsend, who was in no way a party to the action but simply a witness. The appellant not only demurred to the bill, but the persons to whom the interrogatories were directed also demurred. The second ground of demurrer contained in each demurrer, was as follows:

"That the bill of complaint on its face shows no grounds of equitable relief, and the equity side of this court has no jurisdiction of the matters complained of in the bill, and if plaintiff has any right of action in this court, it is purely of legal cognizance."

[1] The demurrers were each overruled, and the so-called respondents, including the appellant, Benton, Wheaton, and Townsend, were ordered to answer the bill of complaint, and Benton, Wheaton, and Townsend were ordered to answer the interrogatories attached to the bill, and in default of such answer it was further ordered that an attachment issue against them and each of them. Exceptions were taken to these orders, and, reserving these exceptions, the so-called respondents answered the bill and the interrogatories. From the commencement to the close of the action the appellant protested against being proceeded against on the equity side of the court. The several rulings of the trial court on the question of its jurisdiction to proceed as a court of equity are assigned as error. The question before us is not whether a court of equity could grant the relief prayed for, but wheth-

er the trial court erred in not following the command of section 267, Judicial Code, which reads as follows:

"Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law."

No reason can be suggested why the remedy at law to recover the money in question was not plain, adequate, and complete. If this be so, then the appellant was not only deprived of a substantial right, including a trial by jury, but the plain command of the statute was not followed. It would seem from some of the decisions that courts have fallen into the habit of treating the requirement of the statute lightly where relief can be given in equity. If, in a particular case, the remedy at law is plain, adequate, and complete, then under the statute in such case there can be no concurrent jurisdiction between a court of equity and a court of law, if objection is seasonably made. The statute quoted declared no new principle, but the principle itself which has always ruled courts of equity was of such importance that Congress crystallized it by legislation and placed the matter beyond dispute. It would therefore seem to be the duty of courts to give force and effect to the statute whenever it is applicable. "This enactment certainly means something." New York Guaranty Co. v. Memphis Water Co., 107 U. S. 205- 214, 2 Sup. Ct. 279, 27 L. Ed. 484.

[2] The serious consequences which may result in a violation of the statute are illustrated in the present case. Granting that the suit was one of equitable jurisdiction, the cashier and the assistant cashier were persons to whom interrogatories might be properly directed, as they were officers of the defendant bank; but, so far as the witness Townsend is concerned, the appellee had no authority to direct interrogatories to her in the bill of complaint, yet, notwithstanding this, she was compelled under threat of attachment to answer the interrogatories. It is entirely irrelevant to say that this is a bankruptcy proceeding, and, as all bankruptcy proceedings are in the nature of equitable actions, therefore this suit is an equitable action. The truth is that it is simply a suit or proceeding arising out of bankruptcy, and whether it shall be prosecuted in equity or at law depends upon the nature of the case and the relief demanded. The language of Judge Severens in delivering the opinion of the Circuit Court of Appeals of the Sixth Circuit in Warmath v. O'Daniel, 159 Fed. 87, 86 C. C. A. 277, 16 L. R. A. (N. S.) 414, is so pertinent to the case at bar that we quote liberally from it:

"The question on this appeal which arises on the first two of the assignments of error is whether the court below was right in overruling the appellant's contention on his demurrer that the suit was not properly brought in equity for the reason that there was a plain, adequate, and complete remedy by an action at law. The objection was taken at the threshold, and the question is not embarrassed by the laches of the defendant in raising it.

"We think the court should have sustained the demurrer. The judgment sought was for a definite sum of money, precisely that which the court by its decree awarded to the complainants. And the whole sum was recoverable, if any of it was; for the assets of the estate would not come near the amount of the debts. There was no contingency in the liability, or apportionment of the burden among several defendants to be made by the judgment. The response of the court to the demand of the complainants was simply an al-

lowance or refusal of it. Nor was there any embarrassment in the procedure. The evidence produced would be, and was in this case, as completely available in an action at law as in a court of equity. No injunction was sought or required. The issue was one which a jury could readily understand and decide under proper instructions from the court in respect to the law. It is suggested that the court must first set aside the transfer before it could proceed to judgment, and that it is the peculiar province of a court of equity to set aside unlawful transfers. This is an ingenious, but unsubstantial, figment. No distinct or formal preliminary action was required or contemplated by the statute. If the defendant had obtained part of the estate which should have come to all the creditors, proof of that fact would entitle the trustees to recover it. Perhaps there may be cases where a declaration of the court may be necessary to completely fulfill all requirements, as where the transfer has been accomplished by a deed or other solemn instrument which may be made matter of record, or is a muniment of title the existence of which would indicate ownership and the right to sell and convey or mortgage, or do such other things with it as belong to ownership. But in the present case nothing is stated in the bill which makes such a proceeding necessary, nor indeed is anything more required than in any ordinary action at law where the plaintiff is always bound to establish the facts which create the liability, whereupon, and without more, the court gives judgment for the sum he is entitled to recover. And that was what occurred in the present instance. There was no preliminary declaration that this transfer be set aside. The suggestion made would be the adoption of a devise for evading the statute forbidding a resort to a court of equity. * * *

"It is also urged that courts of equity have jurisdiction in cases of fraud; which is true enough, but the doctrine has its limitation in that the fraud is not remediable by an action at law. A man may acquire another's property by fraudulent misrepresentation; but if the latter may obtain complete relief in an action at law, as by a judgment for damages or for the recovery of the property by an action of replevin, he cannot resort to a suit in equity."

The following cases are in line with the doctrine above announced: Garrison v. Markley, Fed. Cas. No. 5,256; Brock v. Olliver, 149 Ala. 93, 43 South. 141; McCormick v. Page, 96 Ill. App. 447; Stern v. Mayer, 99 App. Div. 427, 91 N. Y. Supp. 292; Merritt v. Halliday, 107 App. Div. 596, 95 N. Y. Supp. 331.

On the other hand, there are cases which seem to hold a contrary view; but, when the cases are examined, it will be found that very few, if any, of the cases have discussed the matter on principle. The case of Off v. Hakes, 142 Fed. 364, 73 C. C. A. 464, was decided by the Circuit Court of Appeals of the Seventh Circuit in 1905. An examination of the opinion in that case shows that one of the grounds for assuming jurisdiction in equity in that case was that the objection that the proceeding must be at law was not seasonably taken. Parker v. Black (D. C.) 143 Fed. 560, was a suit in equity for an accounting. The District Court said:

"Although lack of jurisdiction was suggested at the hearing, it is not pressed in the briefs submitted for the defendants."

This case was subsequently affirmed by the Circuit Court of Appeals of the Second Circuit. 151 Fed. 18, 80 C. C. A. 484. That court said:

"The point is taken, however, that there was a full, adequate, and complete remedy at law to recover the preferential transfer in controversy. * * * Upon this point we think we should follow the decisions made by two different Circuit Courts of Appeal upon a state of facts practically identical with those of the present case, notwithstanding we should have been of a different opinion if the question had been originally presented to us."

The decision of two different Circuit Courts of Appeals, referred to in the language above quoted, were the cases of Wall v. Cox, 101 Fed. 403, 41 C. C. A. 408, and Off v. Hakes, 142 Fed. 364, 73 C. C. A. 464, above mentioned. The case of Wall v. Cox was a bill filed by certain creditors of one W. H. Gilbert in the District Court of the United States for the Western District of North Carolina, alleging that Gilbert was insolvent, and on October 10, 1899, had transferred his stock of goods with intent to hinder, delay, and defraud his creditors by a bill of sale to John D. Wall and Thomas W. Huske. This was simply a creditors' bill, and of course equity had jurisdiction. The Supreme Court, in Wall v. Cox, 181 U. S. 244, 21 Sup. Ct. 642, 45 L. Ed. 845, however, decided that the lower courts had no jurisdiction either at law or in equity. In Parker v. Sherman, 212 Fed. 918, 129 C. C. A. 437, the Circuit Court of Appeals of the Second Circuit followed Parker v. Black for the same reason expressed in the language above quoted. We are not persuaded that a court may set aside the expressed command of a statute for the sake of uniformity of decision. In Pond v. Bank (D. C.) 124 Fed. 992, Holt, District Judge, squarely passes upon the question, and in that case, which was a bill filed to recover $16,000 in money paid by the bankrupt under circumstances alleged to have constituted a preference, decided that a court of equity had jurisdiction. It was said that the suit was analogous to a creditor's suit to set aside a fraudulent conveyance. This question of fraud, however, is well disposed of in Warmath v. O'Daniel, supra. The question of fraud has no importance if there is a plain, adequate, and complete remedy at law. Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451.

[3] The claim that the bill in this case may be sustained as a bill for discovery needs no discussion. If there was no equity there could be no discovery, especially as against persons who are not parties to the action.

We are clearly of the opinion that the trial court erred in overruling the demurrer of appellant, and for this reason the case should be reversed and remanded, with instructions to transfer the case to the law docket, there to be proceeded with as law and justice may require.