TURNER v. SCHAEFFER (three cases).

In re LOWES.

(Circuit Court of Appeals. Sixth Circuit. February 11, 1918.)

Nos. 3006–3008.

1. BANKRUPTCY ⬳306—ACTIONS—MODE OF REVIEW.

A plenary action by trustee in bankruptcy to recover money only, alleged to have been paid as a preference in favor of a surety and his principal, is an action at law, reviewable on writ of error, instead of appeal.

2. APPEAL AND ERROR ⬳1008(2)—REVIEW—FINDING—WAIVER OF JURY.

Both under the decisions and Rev. St. § 649 (Comp. St. 1916, § 1587), providing for waiver of a jury, a finding of fact by the trial court, whether general or special, has the effect of a verdict.

3. APPEAL AND ERROR ⬳859—REVIEW—WRIT OF ERROR.

On writ of error to review a judgment rendered in an action where jury was waived, the only inquiries open are, in view of Rev. St. §§ 700, 1011 (Comp. St. 1916, §§ 1668, 1672), whether the evidence tends to support the ultimate finding, and whether the finding, in turn, is sufficient to sustain the judgment.

4. APPEAL AND ERROR ⬳994(3)—REVIEW—SCOPE.

On writ of error to review an action tried to the court without a jury, credibility of witnesses cannot be weighed.

5. APPEAL AND ERROR ⬳169—REVIEW—SCOPE.

On writ of error, a judgment cannot be reversed on account of alleged newly discovered evidence, never called to the attention of the trial court, for in actions at law an appellate court can only correct errors of the lower court.

6. NEW TRIAL ⬳108(1)—NEWLY DISCOVERED EVIDENCE.

On writ of error to review judgments in plenary actions by a trustee in bankruptcy, attacking as preferential payments by bankrupt, evidence alleged to have been newly discovered since the judgments were entered, if susceptible of consideration, held no ground for reversal, not being of such a character as would probably produce a different result.

7. BANKRUPTCY ⬳303(1)—PREFERENTIAL TRANSFERS—ACTION.

A trustee in bankruptcy, alleging that transfers were preferential, has the burden of proof, and judgment in his favor cannot be based merely on suspicion.

In Error to and Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; John E. Sater, Judge.

Actions by Wellmore B. Turner, as trustee in bankruptcy of Joseph E. Lowes, against Harry F. Schaeffer and the City National Bank, against Harry F. Schaeffer and the Third National Bank, and against Harry F. Schaeffer and the First Savings & Banking Company. The actions having been dismissed as to the several banks, there were judgments for the individual defendant, and plaintiff brings error and appeals. Appeals dismissed, and judgments affirmed.

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

January 6, 1912, Turner, as trustee in bankruptcy of Lowes, filed three petitions in the court below for the recovery of money only, one against Schaeffer and the City National Bank of Dayton, Ohio, for $30,550, another against Schaeffer and the Third National Bank of Dayton, for $25,-190.16, and the other against Schaeffer and the First Savings & Banking Company of Dayton, for $13,156.93, with interest upon these sums from specified dates. Defendants in each case demurred to the petition, which in each instance resulted in the filing of an amended petition, the sums of money sought to be recovered and the defendants remaining the same; the allegations of the amended petitions were in other respects substantially alike. It is charged that Lowes, doing business as a general contractor under the name of Luyster & Lowes, was by the court below adjudged a bankrupt December 11, 1911; that plaintiff was appointed trustee December 27th, and is still acting in that capacity; that Lowes was indebted to these banks in the sums above mentioned, and that Schaeffer, who is the father-in-law of the bankrupt, had been in charge of the bankrupt's offices and business in Dayton, and had become surety for the bankrupt on his indebtedness to these banks; that on dates named within the four-months period the bankrupt, well knowing that he was insolvent and with intent to prefer the defendant banks and Schaeffer, as creditors, and in violation of the Bankruptcy Act, withdrew from his funds and through Schaeffer paid the sums stated to the several banks; that the banks and Schaeffer then had reason to believe that Lowes was insolvent, and that the payments were so made for the purpose of preferring defendants as his creditors; further, in substance, that these payments were made pursuant to an agreement and a conspiracy between Lowes and Schaeffer and the several banks to deprive the bankrupt's other creditors of power to collect their claims, and so to appropriate the bankrupt's assets to the payment of the obligations of Lowes and Schaeffer to the banks.

Issue was joined in each case by separate answers of the defendants, specifically denying each of the allegations tending to charge a preference. May 4, 1915, the causes were brought to a hearing together under an agreement to waive a jury and to try them to the court. The plaintiff called as witnesses only Lowes and Schaeffer and W. W. Smart, the bookkeeper of Luyster & Lowes, and submitted exhibits showing creditors other than the banks, who had not been paid in full, and the sums due to them, etc. At the close of the plaintiff's evidence motions were made to dismiss the actions as against the banks, on the ground that there was no testimony to sustain the alleged "scheme or conspiracy, or any intent, or knowledge on the part of the banks as to the condition of Mr. Lowes at any time." The motions were not resisted on the part of plaintiff, and were sustained. The cases were brought to this court, both upon appeals and writs of error.

O. F. Davisson and Lee Warren James, both of Dayton, Ohio, for plaintiff in error and appellant.

McMahon & McMahon and R. G. Corwin, all of Dayton, Ohio, for defendant in error and appellee.

Before WARRINGTON and DENISON, Circuit Judges, and SESSIONS, District Judge.

PER CURIAM. [1] Since the cases were plenary actions to recover money only, which was alleged to have been paid as a preference in favor of the banks, respectively, as principal, and Schaeffer, as surety, we think it clear that each was an action at law; and so properly brought here on writ of error. Warmath v. O'Daniel, 159 Fed. 87, 88, 90, 86 C. C. A. 277, 16 L. R. A. (N. S.) 414 (C. C. A. 6); Wm. Edwards Co. v. La Dow, 230 Fed. 378, 381, 144 C. C. A. 520 (C. C. A. 6); First State Bank v. Spencer, 219 Fed. 503, 505, 135 C. C. A. 253

(C. C. A. 8); Simpson v. Western Hardware & Metal Co., 227 Fed. 304, 307, et seq. (D. C.); Grant v. National Bank of Auburn, 197 Fed. 581, 591 (D. C.); Whitehead v. Shattuck, 138 U. S. 146, 151, 11 Sup. Ct. 276, 34 L. Ed. 873; Detroit Trust Co. v. Old National Bank, 155 Mich. 61, 64, 118 N. W. 729; Allen v. Gray, 201 N. Y. 504, 508, 94 N. E. 652, Ann. Cas. 1912B, 123; Maxwell v. Davis Trust Co., 69 W. Va. 276, 279, 71 S. E. 270. The appeals will therefore be dismissed.

[2, 3] In the agreement to waive a jury and to try the issues to the court, it was provided that in deciding each case the court should state its findings of fact and conclusions of law, and this was in effect carried out. The cases, however, each turned at last upon the issue whether, at the times the payments· in dispute were made to the banks Schaeffer knew or had reasonable cause to believe that Lowes was insolvent; and the ultimate fact found in substance was that Schaeffer did not have such knowledge or any reason for such belief. We are disposed to treat this as a special finding, though, whether general or special, it has the effect of the verdict of a jury. Hence the only inquiries open in this court under the assignments of error are whether the evidence tends to support the ultimate finding and the finding in turn is sufficient to sustain the respective judgments. This results alike from the statutes and the decisions. ·Sections 649, 700, and 1011, Rev. Stat. (Comp. St. 1916, §§ 1587, 1668, 1672); Norris v. Jackson, 76 U. S. 125, 127, 19 L. Ed. 608; Runkle v. Burnham, 153 U. S. 216, 225, 14 Sup. Ct. 837, 38 L. Ed. 694; United States v. U. S. Fidelity Co., 236 U. S. 512, 527, 35 Sup. Ct. 298, 59 L. Ed. 696; Chicago, R. I. & P. R. R. Co. v. Barrett, 190 Fed. 118, 123, 124, 111 C. C. A. 158 (C. C. A. 6); Mason v. Smith, 191 Fed. 502, 503, 112 C. C. A. 146 (C. C. A. 6); Nashville Interurban Ry. Co. v. Barnum, 212 Fed. 634, 638, 639, 129 C. C. A. 170 (C. C. A. 2); United States Fidelity & G. Co. v. Board of Com'rs, 145 Fed. 144, 150, 151, 76 C. C. A. 114 (C. C. A. 8); American Sales Book Co. v. Bullivant, 117 Fed. 255, 260, 54 C. C. A. 287 (C. C. A. 9); Maryland Casualty Co. v. Orchard Land & Timber Co., 240 Fed. 364, 366, 153 C. C. A. 290 (C. C. A. 9).

[4] It cannot be doubted that there is evidence tending to support the ultimate finding. The finding rests upon the credibility of the witnesses, especially that of Schaeffer, all of whom testified in open court. Upon most careful consideration of Schaeffer's testimony, particularly in connection with his demeanor and candor while tes-·tifying, the trial judge believed him. It is virtually conceded that, if Schaeffer's testimony at the hearing below is to be believed, the finding is correct; in these circumstances we are bound to conclude, as we should be in respect of a special verdict of a jury, that the trial judge's finding is supported by the evidence. And we approve his conclusion of law that the fact so found is plainly sufficient to support the several judgments.

[5] It is, however, earnestly insisted on behalf of plaintiff that evidence has been discovered since the judgments were entered which in itself would justify, if not require, reversals. This claim and part of the evidence so discovered appear only in plaintiff's reply brief,

though they were discussed in the oral argument here. The most obvious answer to the contention is that in such circumstances we have no power to reverse, since in actions at law this court can only correct errors of the court below; and it is not pretended that the claim of newly discovered evidence has ever been called to the attention of that court. The general rule of course is, as was stated in Mexico International Land Co. v. Larkin, 195 Fed. 495, 496, 115 C. C. A. 405, 406 (C. C. A. 8):

"In an action at law the burden is on the plaintiff in error to establish the existence of those errors of which he complains, and in the absence of proof by the record that a question of law arose, and that it was presented to and ruled upon by the court below, no error is established, because none could arise concerning a question which was not presented, considered, or decided by the trial court. Southern Pacific Company v. Arnett, 126 Fed. 75, 77 [61 C. C. A. 131]," and citations.

[**6, 7**] Assuming, however, that where matters arising after proceedings in error have been perfected may justly call for resubmission to the trial court, reversal for that purpose would be warranted, still, apart from the question of plaintiff's lack of diligence as urged in defendant's behalf, in our judgment the evidence so far as shown or indicated is not material. Copies of six letters are shown, bearing dates in October and November, 1911, all addressed to creditors of Lowes, one located in Cincinnati (to whom two of the letters were sent), one in Indianapolis, one in St. Louis, and two in Dayton, and representing claims amounting to $24,226.50; upwards of $18,000 of this amount was held by the two Dayton creditors; and all the letters were signed in the name of Luyster & Lowes, while only one seems to have been so signed by Schaeffer. True, they contain explanations for delaying payment of these creditors, but they do not appear to relate to the real sources of Lowes' financial troubles. Those troubles mainly arose through failure to ascertain and meet liabilities due to subcontractors and materialmen connected with Lowes' government work at Ft. Sill, Okl., and with his work on a public building in Mercer county, Pa. These features were abundantly explained by the trial judge.

Counsel say in their reply brief that they found many letters, at least 100, written by Schaeffer, and, further, that this correspondence "is along the line of his letters heretofore made a part of this brief." We cannot think that letters along the same line as those copied into the brief are inconsistent with the explanations made by Schaeffer in his last testimony. It is quite conceivable that he might have written many letters, stating reasons for Lowes' delays in meeting payments, and still have been totally ignorant of Lowes' real financial condition at the times the payments in dispute were made to the banks. Hence we are not impressed with the insistence of counsel that reversals of the judgments would lead to different results. The difficulty with these cases is that plaintiff has been under the burden of proving his charges, and he has not done this; nor does the evidence proffered afford any substantial ground for believing that he can do so. Judgments cannot be founded on suspicion.

The judgments will be affirmed, with costs.