GEORGE H. STONEBRIDGE, Jr., as Receiver, etc., Respondent,
v. GEORGE F. PERKINS et al., Appellants.

In an action brought by the receiver of an insolvent manufacturing corporation to set aside a transfer of property to defendant, made by the corporation in contemplation of insolvency, and so in violation of the statute (1 R. S. 603, § 4), and to compel payment of its value, the answer set up as a defense that subsequent to the transfer and before the appointment of plaintiff as receiver, third parties, under a judgment and execution against the corporation, sold the property as the property of the corporation, and so that plaintiff took no interest therein It appeared that the amount bid on the execution sale was one dollar, and such sale was made for that sum *Held*, that a finding was justified that the sale was made subject to the transfer.

It did not appear that the sheriff ever made an actual levy under the execution, and at the time the sale was made the property was not present or within the view of those attending the sale. *Held*, that no valid sale was established.

A sale of personal property upon execution affords no protection to a party defending under it, unless he shows, *first*, a levy, *i e*, such an exercise of right and dominion by the officer over the property as would subject him to an action of trespass by the owner if the levy was not justified, and *second*, a sale with the property actually present and within the view of the persons attending the sale·

As to whether, even if a valid sale of the property upon execution had been shown, it would have constituted a defense in the absence of allegations connecting defendants with the title so obtained, *quære*.

(Argued December 22, 1893·, decided January 16, 1894.)

SICKELS—VOL. XCVI.     1

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 3, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are set forth in the opinion.

*Charles D. Ridgway* for appellant. The sheriff's sale of September 14, 1888, transferred all the right, title and interest of the corporation in the property in question to the purchaser, so that neither the property nor any interest therein passed to the receiver by his appointment on the 12th day of February, 1889. (*Austin* v. *Bell*, 20 Johns. 442 ; *Booth* v. *Bunce*, 33 N. Y. 139 ; *Hess* v. *Hess*, 117 id. 306 ; *Best* v. *Staple*, 61 id. 71 ; *Tremaine* v. *Mortimer*, 128 id. 1 ; *Porter* v. *Parmley*, 52 id. 185 ; *Pringle* v. *Woolworth*, 90 id. 511 ; *C. C. Bank* v. *Risley*, 19 id. 369 ; *Whitney* v. *N. Y. & A. R. R. Co.*, 32 Hun, 173 ; *Hopkins* v. *Taylor*, 87 Ill. 436 ; *Fith* v. *Weatherby*, 110 id. 475 ; *McIlrath* v. *Suure*, 22 Minn. 391 ; *Davis* v. *Hoppock*, 6 Duer, 254 ; *Jacobs* v. *Remsen*, 12 Abb. Pr. 390 ; 36 N. Y. 668 ; *Whele* v. *Butler*, 12 Abb. Pr. [N. S.] 139.) The court below could not pronounce judgment under the pleadings and evidence in this case until the purchaser at the sheriff's sale had been brought in as a party. He is a necessary party to the action. (Code Civ. Pro. § 452 ; *Osterhoudt* v. *Bd. Suprs.*, 98 N. Y. 239 ; *Bear* v. *A. R. T. Co.*, 36 Hun, 400.) The General Term of the court below sought to avoid the consequences of this sale by saying that the "sheriff did not purport to act in hostility to the transfer to appellants, but only proposed to sell whatever remaining right, title and interest the New York Book Company had on and after August 2, 1888." This is erroneous. (*Roth* v. *Wells*, 29 N. Y. 471 ; *Barker* v. *Bininger*, 14 id. 270 ; *Bond* v. *Willett*, 31 id. 102 ; *Green* v. *Burke*, 23 Wend. 490 ; *Westervelt* v. *Pickney*, 14 id. 123 ; Code Civ. Pro. § 1428 ; *Pringle* v. *Woolworth*, 90 N. Y. 511.)

*Frederic R. Kellogg* for respondent. The plaintiff was duly appointed and qualified as permanent receiver of the New York Book Company, and is the proper plaintiff in this case. (*Osgood* v. *Laytin,* 3 Abb. Ct. App. Dec. 418.) The transfer by the New York Book Company to Perkins, Goodwin & Co. on June 1, 1888, was made in contemplation of the insolvency of the New York Book Company, and was, therefore, void under the provisions of the Revised Statutes. (3 R. S. [8th ed.] 1729.) The fact that after the transfer to Perkins, Goodwin & Co., and before the appointment of the receiver, an alleged execution sale was made under a judgment against the company of all of the company's right, title and interest in and to the property transferred, constitutes no defense to this action. (*Powers* v. *Elias,* 21 J. & J. 480; *Hale* v. *Sweet,* 40 N. Y. 97; *Porter* v. *Parmley,* 52 id. 185; *Mattison* v. *Baucus,* 1 id. 295; *F. Bank* v. *Cowan,* 2 Abb. Ct. App. Dec. 83; *Porter* v. *Williams,* 9 N. Y. 142; Gluck & Becker on Receivers, §§ 48, 49; High on Receivers, §§ 314, 315, 319, 320; *Curtis* v. *Leavitt,* 15 N. Y. 40; *Attorney-General* v. *L. Ins. Co.,* 77 id. 275; *P. C. Co.* v. *McMillan,* 119 id. 46; Waite Ins. Corp. §§ 199, 209; Beach on Receivers, §§ 702, 705; *Osgood* v. *Laytin,* 3 Abb. Ct. App. Dec. 418; *Osgood* v. *Ogden,* Id. 425; *Gillett* v. *Moody,* 3 N. Y. 429; *Gillett* v. *Phillips,* 13 id. 114; *Haxtun* v. *Bishop,* 3 Wend. 17; Code Civ. Pro. § 1428; *Roth* v. *Wells,* 29 N. Y. 471; *Hathaway* v. *Howell,* 54 id. 97.) No error was committed by the court below in allowing receipt of the evidence showing similar transfers made at the same time as the one attacked, and proving the financial condition of the Provident Book Company. (*Paulding* v. *C. Co.,* 94 N. Y. 534; *Spaulding* v. *Keys,* 125 id. 116; *Cary* v. *Hotaling,* 1 Hill, 316; *Hill* v. *Naylor,* 18 N. Y. 588; *Miller* v. *Barber,* 66 id. 558; *Lincoln* v. *Claflin,* 7 Wall. 138; *P. H. Co.* v. *Smith* 120 Mass. 446; *Hovey* v. *Grant,* 52 N. H. 569.)

O'BRIEN, J. The plaintiff, as receiver of the New York Book Company, a manufacturing corporation, brought this

action to set aside the transfer of certain property made to the defendants by the corporation in contemplation of insolvency, and in violation of the statute (1 R. S. ch. 18, title 4, § 4), and has thus far succeeded. The answer put in issue the plaintiff's character as receiver and his right to sue as such, and also the charge that the transfer was made in contemplation of insolvency. In a separate defense it was alleged that subsequent to the transfer, and before the appointment of the plaintiff as receiver, third parties, under a judgment and execution against the corporation, sold the property transferred to defendants as the property of the corporation, and under such sale acquired the title thereto, and hence the plaintiff never took any interest therein. The learned trial judge, upon sufficient evidence, found that at the time of the transfer the corporation was insolvent to the knowledge of the directors and managers who made it, and that it was in violation of the statute and void. He refused to find that the property was sold upon execution, in favor of the parties mentioned in the answer, or that the plaintiff's title and right to maintain the action were in any way affected thereby, and to this refusal the defendants excepted and the only question of law presented by the appeal arises upon these exceptions. The plaintiff sought to set aside a fraudulent transfer of the property of the corporation, and to compel payment by the defendants of its value. While the action was in form one in equity, it had all the characteristics of an action at law for conversion. Assuming, as the trial court found, that all the property of the insolvent corporation vested in the plaintiff as receiver, and that the transfer was void, there is no reason why the plaintiff could not have maintained an action at law for the recovery of the property from the defendants or its value. The separate defense pleaded by the defendants, and upon which their counsel now relies, was that the property belonged to a third person by virtue of the execution sale, but the defendants do not in any way connect themselves with this title, or claim any right under it. It is not clear that the facts stated under any circumstances constitute a defense. The general rule is that in actions of trespass or

trover, an answer of title in a stranger, without an allegation connecting defendant with such title, is no defense. (*Stowell* v. *Otis*, 71 N. Y. 36; *Duncan* v. *Spear*, 11 Wend. 54; *Rogers* v. *Arnold*, 12 id. 30; *King* v. *Orser*, 4 Duer, 431; *Hoyt* v. *Van Alstyne*, 15 Barb. 568; *Gerber* v. *Monie*, 56 id. 652.) And while this rule has been modified by statute in actions for the recovery of a specific chattel (Code, § 1723), the legislature has not in terms, at least, abolished it as to other actions. But there is no finding that the sheriff sold the property under the execution, in hostility to the transfer, and the court refused to so find. The sale was upon a judgment of $100, and the amount bid was one dollar. The facts and circumstances disclosed at the trial were such that the trial court was justified in holding that the sale was subject to the transfer to defendants. In other words, the sale did not touch the fraudulent transfer, but left the defendants in the possession and enjoyment of the property, so that at best all the purchaser attempted to acquire was an intangible equity which was not the subject of sale on execution. But perhaps the plainest answer to the defendants' contention is to be found in the evidence in regard to the sale itself. The burden of proof was upon them to establish all the facts stated in the separate answer. They not only failed to show that the sheriff ever made a valid levy upon or sale of the property, but the contrary conclusion was a fair inference from the evidence. It did not appear that the sheriff ever made an actual levy under the execution, and no such fact has been found. The proofs warranted the court in finding that at the time that the auctioneer made the sale for the sheriff, the property was not present or within the view of the persons attending the sale. A sale upon execution of personal property affords no protection to a party defending under it unless he shows first a levy, that is, such exercise of right and dominion by the officer over the property as would subject him to an action of trespass by the owner, in case the levy was not justified, and, secondly, a sale with the property actually present and within the view of the bidders or persons attending the sale. (Code, § 1428; *Roth* v. *Wells*,

29 N. Y. 471; *Hathaway* v. *Howell*, 54 id. 97.) So that even if the defendants' answer, setting up title in a stranger under a sale upon execution, could be held good as against the plaintiff's claim without any allegation connecting themselves with such title, the facts upon which the defense rested were not established.

The judgment is right and should be affirmed, with costs. All concur, except Bartlett, J., not sitting.

Judgment affirmed.