GRANT v. NATIONAL BANK OF AUBURN.

(District Court, N. D. New York. July 11, 1912.)

1. BANKRUPTCY (§ 162*)—"TRANSFER"—ACTS CONSTITUTING.

A debtor, who transfers his property to a creditor by voluntarily confessing judgment in favor of the creditor and allowing him to issue execution and make a levy and a sale resulting in the creditor becoming the purchaser, transfers his property within Bankruptcy Act July 1, 1898, c. 541, § 1, subd. 25, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3418), providing that a transfer includes a sale and every other mode of disposing of property as a payment, pledge, mortgage, gift, or security.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 278–281; Dec. Dig. § 162.*

For other definitions, see Words and Phrases, vol. 8, pp. 7064–7070, 7819.]

2. PLEADING (§ 214*)—DEMURRERS—ADMISSIONS.

A demurrer to a pleading admits all facts pleaded, but not conclusions.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

3. BANKRUPTCY (§ 162*)—"PREFERENCE"—ACTS CONSTITUTING.

Where an insolvent debtor within four months of the filing of the petition in bankruptcy voluntarily confessed judgment in favor of a creditor holding past-due notes and knowing of the insolvency, and the creditor purchased the debtor's property at execution sale, subject to prior

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgments which he paid, and the debtor had reasonable cause to believe that the transaction would effect a preference, there was a "preference" within Bankruptcy Act July 1, 1898, c. 541, §§ 60a, 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (U. S. Comp. St. Supp. 1911, p. 1506), defining a preference and authorizing the trustee in bankruptcy to avoid preferences.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 278–281; Dec. Dig. § 162.*

For other definitions, see Words and Phrases, vol. 6, pp. 5498, 5499; vol. 8, p. 7759.]

4. BANKRUPTCY (§ 284*)—PREFERENCES—DEMAND BY TRUSTEE—EFFECT.

Where a trustee in bankruptcy demanded property of the bankrupt from a purchaser at an execution sale under a judgment against the bankrupt in favor of the purchaser rendered within four months of the petition in bankruptcy, the purchaser had notice that the trustee elected to treat the transaction as void under Bankruptcy Act July 1, 1898, c. 541, §§ 60a, 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (U. S. Comp. St. Supp. 1911, p. 1506), defining preferences and authorizing the trustee in bankruptcy to avoid the same, and the trustee may recover the property or its value.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 284.*]

5. BANKRUPTCY (§ 302*)—DEMURRER—DEMAND FOR EXCESSIVE JUDGMENT.

A complaint, in an action at law by a trustee in bankruptcy to recover a preference, is not demurrable merely because the trustee demands judgment for too large a sum.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*]

6. BANKRUPTCY (§ 299*)—PREFERENCES—RECOVERY—PARTIES.

A trustee in bankruptcy suing a creditor for a preference based on his obtaining a voluntary confession of judgment against the bankrupt within four months of the filing of the petition in bankruptcy and the purchase of the property at execution sale, subject to prior judgments which he paid, need not make the sheriff, not charged with any wrong, or the holders of the prior judgments, parties.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 448; Dec. Dig. § 299.*]

7. BANKRUPTCY (§ 168*)—PREFERENCES—ACTS CONSTITUTING.

Bankruptcy Act July 1, 1898, c. 541, §§ 60a, 60b, 67e, 70, subd. 4, 30 Stat. 562, 565, 566 (U. S. Comp. St. 1901, pp. 3445, 3449, 3451), define preferences, and provide that all transfers within four months of the filing of a petition in bankruptcy with intent on the part of the bankrupt to defraud any of his creditors shall be void and all the property so transferred shall remain a part of his estate. An insolvent debtor within four months of the filing of the petition in bankruptcy voluntarily confessed judgment in favor of a creditor for $4,772. Execution was levied on property worth $12,668, and the creditor purchased the same at execution sale for $3,500. Prior judgments which he satisfied amounted to about $200. The creditor knew of the insolvency of the debtor, and the debtor knew that the transaction would effect a preference. *Held*, that the creditor must, on the demand of the trustee in bankruptcy, surrender the property or pay its value, except as to so much thereof as was necessary to satisfy the prior judgments, and a court in bankruptcy has jurisdiction of an action by the trustee in bankruptcy notwithstanding the allegation in the complaint that the creditor converted the property of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 234; Dec. Dig. § 168.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

8. BANKRUPTCY (§ 178*)—LEVY—VALIDITY.

Under Code Civ. Proc. N. Y. § 1428, requiring the offering of personal property for sale in such parcels as are calculated to bring the highest price, a sheriff having valid executions to the amount of $227.83 may not levy on and sell over $12,000 worth of personal property consisting of lumber, machinery, tools, and stock in trade easily divisible into parcels, and, where he does so the purchaser does not obtain a good title, especially where he intends to defraud creditors of the judgment debtor in violation of the bankruptcy law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 221, 264–274, 283, 284; Dec. Dig. § 178.*]

9. BANKRUPTCY (§ 293*)—RECOVERY OF PREFERENCES—JURISDICTION.

An action by a trustee in bankruptcy, against a creditor of the bankrupt, who had within four months of the filing of the petition in bankruptcy obtained a judgment against the bankrupt, and who had at execution sale purchased property of the bankrupt for the value of the property, commenced by summons and complaint, is an action at law within the jurisdiction of the bankruptcy court, notwithstanding any allegation in the complaint of conversion of the property by the creditor.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 411, 417; Dec. Dig. § 293.*]

10. BANKRUPTCY (§ 302*)—RECOVERY OF PREFERENCES—COMPLAINT—SUFFICIENCY.

A complaint, in an action by a trustee in bankruptcy to recover a preference obtained by a creditor obtaining within four months of the filing of the petition in bankruptcy a judgment against the bankrupt and purchasing the property of the bankrupt at execution sale, which alleges that the schedules of the bankrupt show a certain amount of unsecured claims and that the effect of the enforcement of the judgment would enable the creditor to obtain a greater percentage of its claims than other creditors of the same class, is demurrable for failing to show the amount of preferred and unsecured claims.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*]

At Law. Action by J. Lewis Grant, as trustee in bankruptcy of the Cayuga Construction Company, against the National Bank of Auburn. Demurrer to complaint overruled in part and sustained in part.

G. Earle Treat, of Auburn, N. Y., for plaintiff.
Chas. I. Avery, of Auburn, N. Y., for defendant.

RAY, District Judge. This action was commenced by the service of a summons and complaint; the summons being in the usual form for commencing actions at law.

The complaint addressed to the District Judge says:

"J. Lewis Grant, as trustee in bankruptcy of Cayuga Construction Company of Auburn, Cayuga County, N. Y., brings his bill against the National Bank of Auburn," etc., and "thereupon your orator complains and says."

Then follows the following allegations, viz.:

(1) The filing of the petition in involuntary bankruptcy May 19, 1911, and the adjudication June 6, 1911.

(2) The reference of the case to Wm. S. Elder, referee in bankruptcy, and the appointment of the plaintiff as trustee on the 19th day of July, 1911, and his qualification on that day.

---

(3) That April 13, 1911, the said Cayuga Construction Company, the bankrupt, confessed judgment in the Supreme Court of the state of New York in favor of the National Bank of Auburn, the defendant here, on three promissory notes in the sum of $4,756.86 damages, and that such judgment was docketed in Cayuga company clerk's office April 19, 1911, when judgment was entered on such confession in the sum of $4,772.11 damages and costs.

(4) That on the same day execution in the usual form was issued on such judgment and placed in the hands of the sheriff of said county of Cayuga where the said Cayuga Construction Company had its principal office and place of business.

(5) That on said 19th day of April, 1911, there was already in the hands of said sheriff two other executions, one in favor of the Auburn Light, Heat & Power Company, for $58.39 issued on a judgment obtained April 14, 1911, and the other in favor of the Wood Glass Company for $169.44 obtained the same day, both against the said Cayuga Construction Company.

(6) That defendant knew of such prior judgments and executions when it so entered its judgment.

(7) That the sheriff levied on all the personal property of said Cayuga Construction Company pursuant to said three executions and April 28, 1911, sold same (not including book accounts) in bulk to the National Bank of Auburn, this defendant, for the sum of $3,500, and on or about May 8, 1911, returned the two prior executions satisfied and the execution in favor of the National Bank of Auburn satisfied as to the sum of $3,196.51 and nulla bona as to the balance.

(8) That the property of the said Cayuga Construction Company so levied on, seized, and sold to the defendant, National Bank of Auburn, was reasonably worth the sum of $12,668.06 and consisted of lumber not in view at the time of the sale, machinery, and tools, and all of the stock in trade and personal property belonging to and in use by said Cayuga Construction Company in its business, and that such property was taken by this defendant, the National Bank of Auburn, and applied upon said debt of $4,772.11 at the sum of $3,196.51, and that all the money bid by the said defendant, except sufficient to pay said prior judgments, was returned to the defendant, said National Bank of Auburn, and that said defendant took the property as alleged.

(9) That the said confession of judgment and all the subsequent proceedings stated were in fraud of the Bankruptcy Act and in fraud of the other creditors of said Cayuga Construction Company. That the notes on which said confession of judgment was based and founded were all then past due, and that the bankrupt was then insolvent, and "said defendant, the National Bank of Auburn, had reasonable cause to believe that said Cayuga Construction Company at said time was insolvent and in contemplation of bankruptcy," that the existence and enforcement of said judgment would work a preference, that said confession of judgment was given by said bankrupt without present or future consideration, and that said bankrupt and said bank by said

judgment and such subsequent proceedings intended to give a preference to said the National Bank of Auburn, and to enable' the said bank to obtain a greater percentage of its said debt than other creditors of said construction company of the same class. Also, that said judgment was given and said subsequent proceedings thereon had for the purpose and with the intent on the part of both said parties of hindering, delaying, and defrauding the other creditors of the said bankrupt, and that same and such proceedings did hinder, delay, and defraud the other creditors of said bankrupt. Also, that such judgment was confessed and entered and such proceedings had within the four months preceding the filing of such petition in bankruptcy. Also, that the unsecured debts of said bankrupt were $22,000, or thereabouts, and that there was no other property of said Cayuga Construction Company except an equity in certain real estate worth not to exceed $3,000 and some book accounts of little or no value. Also:

"Your orator further says, upon information and belief: That the said Cayuga Construction Company procured and suffered the said judgment in favor of the defendant herein to be given and entered against it within four months before the filing of the said petition in bankruptcy. That at the time said judgment was confessed and entered said Cayuga Construction Company was insolvent, and said judgment did then operate as a preference, and the effect of the enforcement thereof will be to enable the defendant herein, the National Bank of Auburn, to obtain a greater percentage of its said debt than other creditors of the same class. That defendant herein, the National Bank of Auburn, at the time said judgment was confessed and entered in the Cayuga county clerk's office, had reasonable cause to believe that it was thereby intended to give a preference and that said judgment and the enforcement thereof would effect a preference within the meaning of the said bankruptcy acts. That prior to the commencement of this action, to wit, on July 26, 1911, your orator demanded of defendant herein that it surrender and restore to him as such trustee all the property purchased and attempted to have been purchased by defendant at said execution sale, all of which defendant neglected and refused to do and converted it to its own use, all to your orator's damage of $12,668.06. That prior to the commencement of this action, an order was duly made by William S. Elder, Esq., referee in bankruptcy for the Cayuga county district of this court, authorizing and directing your orator as such trustee to institute and maintain this action."

The said complaint demands judgment as follows:

"Wherefore, your orator, J. Lewis Grant, as trustee in bankruptcy of Cayuga Construction Company, demands judgment against the defendant herein, the National Bank of Auburn, in the sum of $12,668.06, with interest thereon since April 28, 1911, besides the costs of this action."

The grounds of demurrer are as follows:

"First. That there is a defect of parties defendant in that the sheriff of the county of Cayuga, state of New York, is not made a party defendant.

"Second. That there is a defect of parties defendant in that the Auburn Light, Heat & Power Company and the Wood Glass Company are not made parties defendant.

"Third. That causes of action have been improperly united in that the complaint sets out a cause of action brought to recover the avails of the sale of certain property and also a cause of action brought to recover the said property or its value.

"Fourth. That the complaint does not state facts sufficient to constitute a cause of action."

The defendant appeared generally and filed its demurrer.

The parties stipulate that the argument of the demurrer before the court shall not be construed as a consent to the jurisdiction of the court.

The defendant contends, quoting from the brief of its counsel

"This is not a suit brought for the recovery of property. This is an action brought to recover damages for an alleged conversion of personal property. It is based on tort."

The defendant also says:

"The complaint is defective in the following particulars: (1) The complaint does not allege any title or right of possession in the plaintiff. (2) It appears on the face of the complaint that the plaintiff did not have title or right of possession. (3) It appears on the face of the complaint that the defendant did have title and right of possession."

This action was commenced October 10, 1911. The transactions complained of occurred on and after April 13, 1911.

[1] By subdivision 25 of section 1 of the act entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898, as amended to and including the year 1910:

"Transfer shall include the sale and every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift or security."

A party may therefore transfer his property to another by voluntarily confessing judgment to that other and allowing him to issue execution, have a levy made on such property and a sale made at which the other becomes the purchaser of such property through which sale the proceeds of such property are transferred to such other person.

[2, 3] It is evident from the allegations of this complaint, and stands out clearly (assuming same to be true for the purposes of this demurrer which admits all facts pleaded, but not conclusions), that the National Bank of Auburn on April 13, 1911, held past-due notes of the Cayuga Construction Company, and that on said day said construction company confessed a judgment thereon to the said the National Bank of Auburn for the amount of such notes, $4,756.86, and that on the 19th day of April, 1911, judgment on such confession was duly entered and docketed in Cayuga county clerk's office in the sum of $4,772.11 and execution issued thereon and delivered to the sheriff of said county, who levied on and sold property consisting of lumber, machinery, tools, and stock in trade worth and of the value of $12,668.06, there being two prior executions aggregating $227.83, and that on such sale the said the National Bank of Auburn became the purchaser of all of said property for the sum of $3,500. It is the fair inference from the allegations of the complaint, although not specifically alleged, that the bank paid the said $3,500, and that the sheriff retained the amount of such prior judgments and his fees and paid the balance, $3,196.51, to the National Bank of Auburn in satisfaction to that extent of its said judgment. All this was done when the defendant in such judgment and execution, the Cayuga Construction Company, was insolvent,

which fact was known to both the parties, and the judgment was given as a means of effecting a preference and received as such, that is, as a means of transferring the property of the Cayuga Construction Company, or its proceeds, to the said the National Bank of Auburn in satisfaction or payment so far as it would go of a prior debt, said bankrupt having reasonable cause to believe that a preference was intended and that the transaction as a whole would work and effect a preference, which the bank was, as a matter of course, seeking, if it knew of the insolvency of the Cayuga Construction Company. If all this was done in the manner alleged and under the circumstances alleged and with the knowledge and intent and for the purpose alleged, it constituted not only a "transfer," but a "preferential transfer," within the meaning of the Bankruptcy Act referred to, and was voidable by the trustee (not the court), and in effect the allegations are that he elected to so consider and treat it and demanded a return of the property or its value. Sections 60a and 60b as amended in 1910 provide as follows:

"Preferred Creditors. (a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable anyone of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.

"(b) If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Under section 60a the Cayuga Construction Company must be deemed to have given a preference to the National Bank of Auburn. The corporation was insolvent, and within four months before the filing of the petition in bankruptcy it not only procured but suffered a judgment to be entered against itself in favor of said the National Bank of Auburn and allowed its property to be sold, and by such sale transferred to the said the National Bank of Auburn its property, and the effect of the enforcement of said judgment and transfer has been and will be to enable the said bank to obtain a greater percentage of its debt than any other of such creditors of the same class. This is the clear result from the allegations of the complaint provided the alle-

gations as to the amount of the indebtedness to unsecured creditors is sufficient. This will be considered later.

It cannot be doubted that this judgment and the sale under it operated as a preference within the four months prior to the bankruptcy and either at the time the bank took the property or the money from the sheriff. The complaint alleges as a fact that the said bank not only knew, but had reasonable cause to believe, that the enforcement of such judgment and transfer, or either, would effect a preference to it. The facts alleged to be within the knowledge of the bank show that this was so.

[4] The trustee when appointed demanded the property of the bank. This was notice to the bank that he elected to treat the transaction as void. Section 60b says that under such circumstances "the trustee may recover the property or its value from such person," here the defendant bank.

[5] Having alleged the value of such property at $12,668.06, the trustee demands judgment therefor. It may be that the trustee is not entitled to recover the full value of the property obtained by the bank, or even the full value thereof less the amount of the two small judgments and sheriff's fees. Possibly recovery may be confined to the amount of money the bank received from the sheriff on its judgment with interest thereon. The demurrer cannot be sustained on the ground the plaintiff demands judgment for too large a sum.

[6] It is clear that neither the sheriff nor the Auburn Light, Heat & Power Company nor the Wood Glass Company are necessary parties. The sheriff is not charged with any wrong, and the complaint does not charge that a preference was received by either the Auburn Light, Heat & Power Company or the Wood Glass Company. Even if it did, they could not be joined here in this action. That this complaint contains allegations sufficient to sustain an action to recover a preference cannot be doubted, and the section quoted expressly confers jurisdiction on this court.

It is true that the complaint contains averments not necessary to be stated to make out such a cause of action.

[7] Sufficient facts are stated, however, in connection with the averments which make out the giving and receipt of a preference to make out a complete cause of action under sections 67e, 67f, and 70, subd. 4. By section 67e all transfers of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present, fair consideration, and all property of the debtor conveyed or transferred shall, if he be adjudged a bankrupt, etc., be and remain a part of the assets and estate of the bankrupt, and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings, or otherwise for the benefit of the creditors. Jurisdiction of such an action is expressly conferred on this court. This complaint by express

allegations of fact shows that the National Bank of Auburn was not a purchaser of this property in good faith and for a present, fair consideration. The transfer of this property of this bankrupt corporation to the bank and its refusal to surrender same or pay its value is the transaction complained of, and the plaintiff has alleged and may allege and prove all the facts in this one action and recover under section 60b or section 67e. Under section 67e this property, except as to so much thereof as was necessary to satisfy the small prior judgments, remained the property of the estate of said bankrupt and passed to the trustee, and it was the duty of the bank, this defendant, which received it under such circumstances and with such knowledge and interest to surrender it on demand, or pay its value, and, if it refused and retained it for its own purposes, it converted the property of the estate to its own use. This allegation of conversion was unnecessary, but it does not change the nature of the action or deprive this court of the jurisdiction expressly conferred by section 67e.

[8] The defendant contends that the complaint shows on its face that the sheriff held two small prior judgments to the amount of some $227.83, and that therefore the levy and sale was valid, and that the defendant here, the National Bank of Auburn, obtained good title as against the general creditors and the trustee when appointed, and that section 67e has no application. I do not think that a sheriff having executions to the amount of $227.83 can levy on and sell over $12,000 worth of personal property consisting of lumber, machinery, tools, and stock in trade, easily divisible into parcels, and give good title to a purchaser who, intending to obtain a preference and to cheat and defraud the creditors of the judgment debtor in violation of the bankruptcy law (which are the allegations of the complaint and conceded) obtains a judgment by confession, issues execution, procures a levy and the sale of such property in bulk when not in the presence of purchasers, and bids in the whole at about one-fourth its actual value. I know of no decision of the Supreme Court of the United States or of the Circuit Court of Appeals in this the Second circuit holding such to be the law, and until I am pointed to such a decision in one or the other of such counts I must decline to so hold. Section 1428 of the Code of Civil Procedure (N. Y.) provides:

"Sec. 1428. Sale of personal property; how made. Personal property must be offered for sale, in such lots and parcels, as are calculated to bring the highest price. Except where the officer is expressly authorized by this article, to sell property not in his possession, personal property shall not be offered for sale, unless it is present, and within the view of those attending the sale."

In Stonebridge, as Receiver, v. Perkins et al., 141 N. Y. 1, 5, 35 N. E. 980, 981, it is held:

"A sale of personal property upon execution affords no protection to a party defending under it, unless he shows: First, a levy, i. e., such an exercise of right and dominion by the officer over the property as would subject him to an action of trespass by the owner if the levy was not justified; and, second, a sale with the property actually present and within the view of the persons attending the sale."

To the same effect is Roth v. Wells, 29 N. Y. 471; Hathaway v.. Howell, 54 N. Y. 97; Sheldon v. Soper, 14 Johns. (N. Y.) 352; and Breese v. Bange, 2 E. D. Smith (N. Y.) 474. In any event a sale of personal property made in this manner is a badge of fraud. Under the allegations of the complaint the defendant did not own this property, but title was in the trustee.

[9] It is contended by the defendant that this is an action at law and for a mere conversion of personal property alleged to have been owned by the bankrupt and title to which passed to the trustee, and that as the bank is not a party to the bankruptcy proceedings, but an adverse claimant merely, it cannot be sued in the District Court; there being no diversity of citizenship and no consent by the defendant. But, as already shown, under the allegations of this complaint two complete grounds of recovery are stated of which this court has jurisdiction, and the mere fact that the trustee demanded the property to which he was entitled of the defendant, and that defendant refused to deliver it and converted same to its own uses and purposes, does not deprive this court of jurisdiction of the case and of the causes of action clearly pleaded.

This action was commenced, as stated, by summons and complaint, and not by subpœna, and the beginning of the complaint would indicate that the pleader had equity practice and pleading in his mind. But the form of the commencement of the complaint does not change the nature or character of the action. It is an action at law, and the parties are entitled to a trial by jury. Warmath v. O'Daniel et al., 20 Am. Bankr. Rep. 101, 159 Fed. 87, 86 C. C. A. 277, 16 L. R. A. (N. S.) 414 (C. C. A. 6th Circuit). The Circuit Court of Appeals there holds:

"A suit by a trustee in bankruptcy to recover the value of certain personal property alleged to have been fraudulently transferred by the bankrupt and to enable the transferee to obtain an unlawful preference is not maintainable in a court of equity, over the objection of the defendant; the plaintiff having an adequate remedy at law."

In this class of actions I have always treated them as actions at law and given the defendant a jury trial. The equity powers of the court are not invoked. It is not an action to compel the delivery of specific property or to set aside a written instrument, and no injunctive relief is demanded or sought, but an action to recover a money judgment for the value of the property. This form of action is specifically authorized, and, as stated, the transaction is voidable by and at the election of the trustee, and not by the court. The mere demand and bringing of the action is an election to avoid the transaction.

[10] The complaint contains no direct averment as to the actual amount of unsecured claims owing by the bankrupt. It is alleged that the schedules of the bankrupt show a certain amount of unsecured claims. This is equivalent to a statement that the bankrupt so represents and states, but such statement is in no way binding on the court or defendant, and the schedules would not be proof or evidence to establish the amount of the indebtedness of the bankrupt as against the defendant. The allegation that the effect of the enforcement of

the judgment will be to enable the defendant herein, the National Bank of Auburn, to obtain a greater percentage of its said debt than other creditors of the same class, is but a conclusion. There should be, as stated, an allegation that, as plaintiff is informed and belives, the Cayuga Construction Company at the time of the said confession of judgment, levy, and sale and filing of said petition in bankruptcy was owing to general unsecured creditors the sum of about $22,000, and should also show the amount of preferred debts, or debts entitled to priority, if any, as well as the amount of secured debts.

To the complaint as one to recover a preference, the fourth ground of demurrer is sustained, but plaintiff may file and serve an amended complaint as he may be advised within 10 days after being served with a copy of the order sustaining the demurrer. As to the first, second, and third grounds of demurrer, the same are overruled.

So ordered.